UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAMAR A. RAY,

    Plaintiff,

 v.           Case No. 06-C-1226

MILWAUKEE POLICE DEPARTMENT,

    Defendant.

**MEMORANDUM AND ORDER**

  Plaintiff Lamar A. Ray, who is proceeding pro se, lodged a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at the Milwaukee County Jail.

  Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed[2] and has paid an initial partial filing fee of $25.00.

Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this

---

[2] Plaintiff was assessed an initial partial filing fee of $24.70, but the court credits him for the $25 payment he actually made.

standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inarticulately pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff alleges that on November 19, 2004, an unnamed police officer struck him in the mouth while other, unnamed police officers—who had already subdued him—held him down. Plaintiff has set forth cognizable constitutional claims, namely, that he was subjected to excessive force during arrest, in violation of the Fourth Amendment's "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). However, plaintiff has not named any police officers as defendants; rather, he names only the Milwaukee Police Department, which in all likelihood is not even a suable entity separate from the City of Milwaukee. *See West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir.1997) (noting that Indiana municipal police departments lacked capacity to be sued). In any event, a governmental unit such as a municipality may be sued under § 1983 only if the complaint alleges the unconstitutional conduct resulted from implementation of an official policy or from *de facto* governmental custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978). Nowhere does plaintiff claim that the allegedly

unconstitutional conduct was visited upon him as a result of the Milwaukee Police Department's policy or custom.

Based on the foregoing, I conclude that plaintiff's complaint should be dismissed. The dismissal, however, will be without prejudice. Plaintiff may file an amended complaint in which he names the individuals allegedly responsible for the beating he claims was inflicted upon him and/or properly states a claim against a suable municipal defendant within the next 30 days. If he is unable to discover the names of his alleged attackers, he may name fictional defendants, such as John Doe I and John Doe II, with the understanding that a further amendment will be needed once their names are discovered. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). If no amended complaint is filed within thirty days of this order, the dismissal, still without prejudice, will become final and the case terminated.

THEREFORE, IT IS ORDERED that plaintiff's request to proceed *in forma pauperis* is GRANTED.

IT IS ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $325.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS FURTHER ORDERED that the complaint is dismissed without prejudice. Plaintiff is given leave to file an amended complaint within thirty days of the date of this order before the dismissal becomes final.

4

IT IS ALSO ORDERED that copies of this order be sent to the sheriff of the institution where the inmate is confined; to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857; and to the Milwaukee City Attorney.

In addition, Plaintiff must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated this   26th   day of December, 2006.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge