UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAMAR A. RAY,

    Plaintiff,

v.                                                Case No. 06-C-1226

CITY OF MILWAUKEE, et al,

    Defendants.

**ORDER**

Pro se plaintiff Lamar A. Ray, an inmate in the federal prison system, has filed an Amended Complaint in his civil rights action against the City of Milwaukee and unnamed police officers for the alleged beating that he suffered at the time of his arrest. The court allowed the case to proceed, despite Ray's inability to name the individual participants and his failure to state a claim against the City of Milwaukee. Ray has now filed an Amended Complaint in which he specifically names those individual police officers who he claims are responsible for the attack. Despite the time given to amend, however, he still has two John Doe defendants who, apparently, he is unable to identify.

I conclude from my review of the complaint that Ray has now stated a claim against the individual police officers named. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). He has also stated a claim against the City of Milwaukee in that he alleges that the excessive force used was pursuant to a custom or policy of the department. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690-1091 (1978). Ray will therefore be allowed to proceed against the named individuals and the City. Whether he will be allowed to substitute additional parties for

the remaining John Doe defendants is dependant on whether he does so in a timely manner and has good reasons for his failure to do so up to this point.

**IT IS THEREFORE ORDERED** that plaintiff may proceed with his Fourth Amendment claim of excessive force against the newly identified defendants John P. Kuspa, Michael W. Lutz and Zebdee Wilson. He may also proceed on his claim against the City.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendants Kuspa, Lutz and Wilson pursuant to Fed. R. Civ. P. 4. Service upon the City is accomplished by service of its attorney. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921. The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby reminded that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any

documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further reminded that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this   22nd   day of May, 2007.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge