UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAMAR A. RAY,

        Plaintiff,

  v.                                                    Case No. 06-C-1226

CITY OF MILWAUKEE, et al,

        Defendants.

## ORDER

      Pro se plaintiff Lamar A. Ray, an inmate in the federal prison system, has filed an Amended Complaint in his civil rights action against the City of Milwaukee and several police officers for an alleged beating that he suffered at the time of his arrest. The court initially allowed the case to proceed, despite Ray's inability to name the individual police officers who he alleges were responsible for the attack. The Court ordered initial discovery to assist Ray in attempting to identify the alleged attackers. He has now done so and his complaint states a claim against the individual police officers named. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). He has also stated a claim against the City of Milwaukee in that he alleges that the excessive force used was pursuant to a custom or policy of the department. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690-1091 (1978). Ray will therefore be allowed to proceed against the named individuals and the City.

      **IT IS THEREFORE ORDERED** that plaintiff may proceed with his Fourth Amendment claim of excessive force against the newly identified defendants John P. Kuspa, Michael W. Lutz

and Zebdee Wilson, Rodney Klotka, and Scott Siller. He may also proceed with his claim against the City.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendants Kuspa, Lutz, Wilson, Klotka and Siller pursuant to Fed. R. Civ. P. 4. Service upon the City is accomplished by service of its attorney. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921. The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

Plaintiff is hereby reminded that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further reminded that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this ____26th____ day of June, 2007.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge