UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAMAR A. RAY,

        Plaintiff,

v.                                Case No. 06-C-1226

CITY OF MILWAUKEE, JOHN P. KUSPA,
MICHAEL W. LUTZ, ZEBDEE WILSON,
RODNEY KLOTKA and SCOTT SILLER,

        Defendants.

**ORDER**

      Pro se Plaintiff Lamar A. Ray, who is currently incarcerated in the United States Penitentiary-Hazelton, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the City of Milwaukee and several Milwaukee police officers who he claims used excessive force in effecting his arrest. Ray has now filed a motion for the issuance of subpoenas to two citizen witnesses, Terrance and Tina Gorzalski, both residents of 4270 North 50th Street, Milwaukee, Wisconsin, where Ray alleges his assault by the officers took place. Ray claims both individuals were present in the area where the alleged assault that is the subject of his action occurred.

      Based upon his motion, it appears that Ray is entitled to the issuance of subpoenas directing the two individuals he has identified as witnesses to appear and testify at the trial of the above matter. However, effective service of a subpoena requires that the fees for one day's attendance and mileage allowed by law be tendered to the witness at the time of service. *See* Fed. R. Civ. P. 45(b)(1). Failure to tender fees and mileage renders the subpoena invalid and frees the witness of any obligation to attend. Wright & Miller, *Federal Practice and Procedure*: Civil 2d § 2454 at

25-26 (West 1995); *see also CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983); *Lindell v. Friday*, 2004 WL 225076, *1 (W.D. Wis. 2004).[1] In this case, Ray has been granted leave to proceed *in forma pauperis*. But it does not follow that the Court or the government is required to subsidize his lawsuit by paying the fees and expenses of his witnesses.

A party to a civil lawsuit has no constitutional right to payment of witness fees and expenses. *Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983). Like those who are not serving a sentence for a crime, prisoners have no constitutional right to appointed counsel and costs of litigation in civil cases, even if they are indigent. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) ("We begin with the fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court."); *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987) ("Moreover, the right of access to the courts does not independently include a waiver of witness fees so that the indigent litigant can present his case fully to the court."). While the Supreme Court has recognized a constitutional right of access to the courts, this right has so far not been extended to include a right to a government subsidy of all of the costs of litigation. In the words of the Sixth Circuit:

> we do not feel that such a right requires a court to grant every party a perfect trial in all aspects. Witness fees clearly fall in the category of items such as trial transcripts, depositions, and other documents, which the constitution does not require a court, or in practical terms, the federal government, to pay for at the request of the indigent party. Johnson is not barred from access to the courts simply because the court will not or cannot pay for all his witnesses to appear.

*Hubbard*, 698 F.2d at 289.

---

[1] Attendance by expert witnesses and the fees they are paid are generally determined by contract between the witness and the party calling the witness. Here, however, there is no indication that either potential witness would provide expert testimony.

2

Case 1:06-cv-01226-WCG    Filed 07/16/08    Page 2 of 4    Document 124

Certain language in 28 U.S.C. § 1915 suggests that an indigent prisoner does have a statutory right to government payment of witness fees and expenses. Subsection (d) provides that in cases in which prisoners are permitted to proceed *in forma pauperis*, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. §1915(d). However, in *McNeil*, the Seventh Circuit agreed with the Sixth Circuit that "[s]ection 1915 does not provide the necessary statutory authority for the waiver of Mr. McNeil's witness fees." 831 F.2d at 1373 (citing *Hubbard*, 698 F.2d at 290); *see also Lindell*, 2004 WL 225076 at *1. True, at least one court in this district has held that § 1915(d) "requires subpoenas requested by IFP litigants to be issued at government expense 'as part of the operational expenses of the courts.'" *Coleman v. St. Vincent De Paul Soc.*, 144 F.R.D. 92, 95-96 (E.D. Wis. 1992) (quoting *Hubbard*, 698 F.2d at 292 (Swygert, J., dissenting)). "However, the great weight of authority, including several court of appeals decisions, is to the contrary." Wright & Miller, supra, at 27.

In this respect, Ray is in no different position than a person who is not in prison who wishes to start a lawsuit. The high cost of litigation deters many people who may feel they have a strong case from starting a lawsuit. In modern times, it has been the willingness of attorneys to represent individuals on a contingency fee basis that permits most individuals to bring a lawsuit. Under a contingency fee arrangement, the attorney receives a percentage of any award as his fee. Often such arrangements call for the attorney to advance the expenses of litigation, such as witness fees, as well. Where the potential award of damages is substantial and the attorney assesses the case as having a reasonable likelihood of success, an investment of the attorney's time and money in the plaintiff's case will seem reasonable. In addition, Congress has provided that in cases brought under

3

42 U.S.C. § 1983, the defendant must pay the plaintiff's attorneys fees and costs if he prevails. Thus, even if plaintiff's damages do not appear substantial, an attorney is often willing to represent a person in such a case without prepayment of fees and costs if the likelihood of success appears sufficiently high. Here, however, Ray has been unable to retain counsel. As explained in the Court's Order of May 29, 2008, the Court has determined that Ray is competent to proceed *pro se*, and the appointment of counsel is unwarranted at this time. It thus appears that Ray will have to bear the cost of producing his witnesses himself.

In any event, there is no authority for the Court to pay or order others to pay the fees required for such testimony. Upon Ray's request, the clerk shall therefore issue two subpoenas in blank to Ray. It will then be Ray's responsibility to complete the subpoenas before service and to tender the amount of the witness fees and mileage. Once Ray has done so, the U.S. Marshals Service shall effect service of the subpoenas. Any potential witness who receives a subpoena from Ray that does not come with the required witness fee and transportation costs may move to quash the subpoena for that failure. The Court would be bound to grant such a motion. *See Lindell*, 2004 WL 225076 at *1.

**IT IS THEREFORE ORDERED** that upon Ray's request, the clerk shall issue two subpoenas in blank to him. Upon the return of the completed subpoenas along with the required witness fees and mileage, the Marshal shall serve the subpoenas on the named individuals.

Dated this __15th__ day of July, 2008.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge

4

Case 1:06-cv-01226-WCG   Filed 07/16/08   Page 4 of 4   Document 124