UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAMAR A. RAY,

       Plaintiff,

  v.                                                      Case No. 06-C-1226

CITY OF MILWAUKEE, JOHN P. KUSPA,
MICHAEL W. LUTZ, ZEBDEE WILSON,
RODNEY KLOTKA and SCOTT SILLER,

       Defendants.

---

### ORDER APPOINTING COUNSEL AND ADJOURNING TRIAL

---

      Pro se Plaintiff Lamar A. Ray, who is currently serving a sentence in federal custody, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the City of Milwaukee and several Milwaukee police officers who he claims used excessive force in effecting his arrest. The case is scheduled for a jury trial to commence on August 18, 2008, in the United States Courthouse in Milwaukee, Wisconsin. Ray has previously filed motions seeking appointment of counsel, which the Court has denied, but without prejudice. In denying his earlier motions, I noted that the factual and legal issues presented in the case did not appear complex and were indeed quite straightforward. I also gave consideration to the fact that Ray's injuries did not appear severe or inconsistent with the type of injuries a suspect can suffer in the course of an arrest. Thus, given the straightforward nature of the case, the uncertain merit, and the absence of evidence that Ray suffered from significant deficits that would make presentation of his case unusually difficult, *see Pruitt v. Mote*,

503 F.3d 647 (7th Cir. 2007) (enbanc), the case did not appear an appropriate one for the Court to attempt to recruit pro bono counsel.

In the course of the telephone pre-trial conference on July 31, 2008, however, the Court was given a clearer view of the respective positions of the parties and the likely evidence. Based upon that information, it now appears that this is a case in which the appointment of counsel is warranted. Ray has had difficulty subpoenaing witnesses because he has scarce funds and no access to the limited funds he does own. He was moved from the federal institution where he was housed to the Kenosha County Detention Center in preparation for trial without prior notice, and thus has been unable to access his account for witness fees. There have also been delays in his receiving copies of material from the Court and from counsel for the Defendants, and for a portion of the time the case was pending, his institution was in lock-down status, further limiting his access to legal materials.

In addition, it now appears that the case may have greater merit than the Court originally appreciated. The fact that Ray was injured is documented by hospital records that reflect he was treated in a hospital emergency room the day after his arrest and six sutures were used to close the laceration to his lip. Despite this fact, it appears that none of the reports indicate how he was injured or where he was injured and the arresting officers deny knowledge that he ever sustained an injury. One female officer who Ray claims apologized to him at the time now denies having done so and further denies she knew he was even injured. It also appears that another officer sustained a serious injury while giving chase to Ray just prior to his arrest.

These facts lead the Court to believe that there may be more to Ray's claim than first appeared. Of course, the Court cannot prejudge the case. It may be that the failure to recall the

injury or how it occurred are due to the passage of time or other factors. At least at this point, however, it appears that the case does have sufficient merit to warrant the assignment of counsel for an inmate who, because of his incarceration, has significant difficulty presenting his case. Appointing counsel for Ray will also insure that the trial runs more smoothly, which is likely to benefit all involved in the case, including the Court.

Based upon these concerns, the Court has contacted Attorney Ann T. Bowe of Milwaukee, Wisconsin and requested that she consider accepting an appointment from the Court. Ms. Bowe has indicated a willingness to do so, conditioned upon the Court adjourning the trial. Under all of the circumstances, the Court concludes that the interests of justice warrant adjourning trial to allow Ms. Bowe to familiarize herself with the facts and prepare. Accordingly, the trial now set for August 18, 2008 is adjourned. With her consent, Attorney Ann T. Bowe is appointed to represent Plaintiff Lamar Ray. The clerk is directed to contact the parties and set this matter on the Court's calendar for scheduling once Ms. Bowe has had an opportunity to review the file and to meet with Mr. Ray.

**SO ORDERED** this ___31st___ day of July, 2008.

     s/ William C. Griesbach
     William C. Griesbach
     United States District Judge